## MORSE et al. v. VAN NESS.

(Supreme Court, Appellate Division, First Department.   March 28, 1913.)

RECEIVERS (§ 19\*)—PENDENTE LITE—GROUNDS.

Where plaintiff, suing to set aside transfers of property made to defendant, financially irresponsible, by her deceased husband, showed an apparent interest in the property, based on a judgment and a will, and also showed that the property was in the possession of defendant, and that there was great danger of its disposition pending the action the court should appoint a receiver and require defendant to turn over to him the property; but the income therefrom should be paid to defendant pending the action.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 27;  Dec. Dig. § 19.\*]

Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Harriet B. Morse and another against Alice Wood Van Ness.  From an order denying an application for the appointment of a receiver pendente lite, and for a restraining order preventing the transfer of property in a suit to set aside transfers made to defendant by her deceased husband, plaintiffs appeal.   Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Wallace Macfarlane, of New York City, for appellants.
James A. O'Gorman, of New York City, for respondent.

PER CURIAM.   Without expressing any opinion upon the merits of the controversy between the parties, it is sufficient to say that, in our opinion, the plaintiffs have made out a case justifying the granting of their motion for the appointment of a receiver pendente lite, and for a restraining order preventing the transfer by the respondent of any property constituting, in whole or in part, the subject-matter of this action.   The plaintiffs have shown an apparent right to or interest in the property involved herein, based not only on the judgment in the action of Harmon v. Van Ness, but also on the will of Emma Louise Van Ness.   Such property is in the possession of the defendant, Alice Wood Van Ness, and it sufficiently appears that there is grave danger of its transfer, gift, or other disposition pending the termination of this action—a conclusion which is supported by the disposition concededly already made by the respondent of a large portion thereof.   It appears as well that unless the relief sought is granted a final judgment in favor of the plaintiffs will be ineffectual;  for the respondent is financially irresponsible, save for the property in controversy still remaining in her possession.   We are of the opinion, therefore, that the interests of justice will be best served by the appointment of a receiver of the property involved in this action pending the trial of the action itself, and by requiring respondent to turn over to said receiver all the property involved herein which is still in her possession;  said order, however, to provide that pending the determination of the action the income derived from said property so deposited

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

with the receiver shall be paid over to the respondent for her maintenance and support.

The order appealed from will therefore be reversed, with $10 costs and disbursements, and the application for a receiver and injunction granted, as hereinbefore indicated, with $10 costs.

LAUGHLIN, J. (dissenting). This action is brought to set aside certain assignments of property to the defendant by her husband, Cornelius H. Van Ness, deceased, and to recover the property, upon the ground that he was incompetent, and that she improperly influenced him in making the assignments. The court, at Special Term, denied a motion for the appointment of a receiver of the property, and for an injunction to restrain the defendant from transferring it.

The property was given, devised, and bequeathed to Van Ness by his former wife. It is quite clear that she intended to confer upon him unlimited and unqualified authority to use or dispose of the property as he saw fit, without becoming subject to account therefor to anybody. She had no issue, and her nearest relatives when she made the will were a sister and the plaintiffs, the children of the sister. By the will she first gave, devised, and bequeathed all of her property to her husband, "to have, hold and dispose of the same in such manner as he may deem proper," and she expressly provided that he should "not be accountable to any person as to the manner in which he shall use, spend or dispose of the same," and then expressed it to be her will that whatever might remain of the estate, or the proceeds thereof, "in the hands" of her husband at the time of his death should be held in trust for the benefit of her sister and the sister's children and a godchild of the testatrix, under provisions by which the children ultimately would take the principal; but it is expressly stated in the will that this disposition of any of the property that he might not use or transfer was made "without intending in any wise to limit his use of said property or the disposal of the same for his own or another's benefit."

After Van Ness married the defendant, an action was brought against him and her, in behalf of the plaintiffs, by their guardian ad litem for the construction of the will, and to have it declared that he held the corpus of the estate in trust, and to enjoin him from disposing of it; and a temporary injunction to that effect was obtained. By the judgment in that action Van Ness was required to deliver to trustees the sum of $375,000 of the estate, which was more than one-half the value of the entire property, and the trustees were directed to pay the income of this property to Van Ness during his life; but upon his death the principal was subjected to further trusts in favor of plaintiffs and the godchild, with the remainders over to the plaintiffs or their issue. The judgment also construed the will, in accordance with its plain terms, by declaring that Van Ness had the right to dispose of all the property as he saw fit, without accountability to any one therefor; but it precluded him from exercising this right with respect to the $375,000. The pleadings and other proceedings in that action are not in this record; but both parties agree that the judgment

was entered without a trial and pursuant to an agreement between the parties, although it is not so recited in the judgment. It would seem that some concession must have been made by plaintiffs to have thus obtained more than they were entitled to, and it is argued with much force by the learned counsel for the respondent that it was intended by this judgment, pursuant to which the injunction was vacated, to leave Van Ness free to give the balance of the property to the defendant, his wife, if he saw fit, and neither he nor she was to become accountable therefor, and that the plaintiffs would take an interest only in such of the property, if any, as *actually* remained in his hands undisposed of at the time of his death; but, as I view the record, it is not necessary at this time to decide that question, for, in my opinion, the plaintiffs have utterly failed to present prima facie evidence to sustain their contention that Van Ness was incompetent when he assigned the property to the defendant, or that he was unduly influenced by her with respect to the execution of the assignments; and therefore they were neither entitled to the appointment of a receiver, nor to an injunction.